Suzanne L. Martin
Nevada Bar No. 8833
suzanne.martin@ogletree.com
Erica J. Chee
Nevada Bar No. 12238
erica.chee@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800
Fax: 702.369.6888

*Attorneys for Defendant Sitel Operating Corporation*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| BRIA PORTER, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>SITEL OPERATING CORPORATION, a Foreign Corporation; DOES 1 through 10, and ROE ENTITIES 11 through 20, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-01850-GMN-DJA<br><br>**AMENDED STIPULATION AND ORDER TO ARBITRATE PLAINTIFF'S CLAIMS AND CAUSES OF ACTION AND TO DISMISS** |

The Parties to this action, Defendant Sitel Operating Company ("Defendant") and Plaintiff Bria Porter ("Plaintiff") hereby stipulate and agree that Plaintiff's claims and causes of action against Defendant are subject to final and binding arbitration per the terms of the arbitration agreement Plaintiff signed during her employment, a true and correct copy of which is attached hereto as **Exhibit A**.

The Parties further agree that each party is to bear their own fees and costs associated with the United States District Court Case No. 2:19-cv-01850-GMN-DJA.

/ / /

/ / /

Accordingly, the Parties request that the lawsuit be dismissed, without prejudice, and the case closed.

DATED this 19th day of March, 2020.

HURTIK LAW & ASSOCIATES

/s/ *Johnathon J. Toston*
Carrie E. Hurtik
Nevada Bar No. 7028
Linda L. Lay
Nevada Bar No. 12990
Johnathon J. Toston
Nevada Bar No. 15345
6767 W. Tropicana, Ste. 200
Las Vegas, NV 89103
*Attorneys for Plaintiff Bria Porter*

DATED this 19th day of March, 2020.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Erica J. Chee*
Suzanne L. Martin
Nevada Bar No. 8833
Erica J. Chee
Nevada Bar No. 12238
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
*Attorneys for Defendants Sitel Operating Corporation*

**ORDER**

**IT IS SO ORDERED.**

**Dated this  20   day of March, 2020.**

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

2

# EXHIBIT A

Arbitration Agreement



**ASSOCIATE AGREEMENT - US**
**HOURLY ASSOCIATES**

In consideration of my employment by Sitel or one of its affiliates (collectively hereinafter the "Company") and the special training and confidential information that I will receive, I am entering into this Associate Agreement and agree to the following:

1. **Best Efforts/Duty of Loyalty**: During my employment with the Company, I agree to perform services for the Company faithfully and to the best of my ability and experience, not to engage in any activities competitive with the Company, and not to solicit, hire, or recruit any employee of the Company to terminate his or her employment or to provide services for any organization other than the Company.

2. **Confidential Information**: The Company agrees to provide me with confidential and proprietary information belonging to the Company including, but not limited to, information relating to clients, potential clients, suppliers, distributors, investments, lenders, consultants, independent contractors and employees of the Company. Confidential Information means information and materials in any form relating to the following:

   - The Company's business such as pricing and financial information, methods of operation, systems, business plans, marketing and sales information, business strategies and opportunities, service and product information, processes and business methods, intellectual property, computer software and programming, and trade secrets;

   - The Company's clients and their customers such as personal information (credit card, financial, and contact information and social security numbers), product offers, marketing information, incentive programs, client identity and lists, and information contained on clients' databases and computer systems;

   - The Company's employees such as social security numbers, compensation information, health and medical information, and the competencies, abilities and performance of the Company's employees; and

   - Any other information that the Company considers or marks as "confidential."

   I agree to maintain the confidentiality of the Confidential Information at all times during and after my employment with the Company. I will not, at any time, directly or indirectly, use any Confidential Information for my own benefit or for the benefit of any other person or entity, disclose or reveal any Confidential Information to any person or entity other than authorized representatives of the Company, or remove or aid in the removal from the Company's or its customers' premises any Confidential Information, except in the performance of my duties or with the prior written consent of the Company. I agree to return all Confidential Information in any form and any other Company property upon the termination of my employment or at any time upon the Company's request. Any compensation due to me at the time of my termination of employment may be withheld pending receipt of these items to the extent permitted by law.

   I further agree: (1) to only write down or record credit card numbers for authorized business purposes; (2) to only request and obtain social security numbers from callers or customers as part of the regular verification process and not to write down, record, share, or distribute any social security number; (3) to only use customer information or data such as telephone numbers and addresses for authorized business purposes; and (4) not to take any customer information or data outside the Company's workplace.



**ASSOCIATE AGREEMENT - US**
**HOURLY ASSOCIATES**

I acknowledge that my responsibilities in this section shall continue after the termination of my employment.

3. **Developments/Improvements**: All ideas, inventions, trademarks, works of authorship, technologies, trade secrets, know-how, designs, patterns, marks, names, industrial designs, and other developments, improvements, or intellectual property conceived by me, alone or with others, during the term of my employment, whether or not during working hours, that are within the scope of the Company's business operations or that relate to any Company work or projects (collectively "Intellectual Property"), are the exclusive property of the Company. If any Intellectual Property falls within the definition of "work made for hire" as the term is defined in 17 U.S.C. § 101, it will be considered "work made for hire" and the Company will own the copyright of the Intellectual Property exclusively. I agree to fully disclose and to assign to the Company all right, title, and interest in and to all Intellectual Property (whether it falls within the definition of "work made for hire" or is patentable, registrable, recordable, or protectable by copyright and regardless of whether the Company pursues any of the foregoing) and to assist the Company in any way (during and after my employment with the Company), including but not limited to executing any necessary documents, in obtaining patents or copyrights in the Company's name.

4. **Authorized Deductions**: I agree that if I owe the Company any sum of money at any time during my employment or at the termination of my employment, the Company may deduct the sum owed by me from any compensation due to me to the extent permitted by law. This shall include, but not be limited to, amounts owed to the Company for overpayments, use of unearned benefits, and damaged or unreturned equipment.

5. **Monitoring of Business Systems**: I acknowledge and agree that the Company has the right to monitor, record, and intercept any data or communications created, stored, received, or transmitted on any Company business system including, but not limited to, telephone, computer systems, electronic mail ("e-mail"), Internet, and voice mail. I understand that the Company may monitor and record my telephone conversations for business purposes.

6. **Criminal Convictions**: I hereby agree to notify the Company immediately upon my conviction for any crime. I understand that failure to disclose this information in a timely manner may result in disciplinary action up to and including the termination of my employment.

7. **Prior Employment**: I represent and warrant that I am not prevented or restricted from entering into any employment relationship with the Company, or restricted or limited in the scope of services that I can perform on behalf of the Company by any agreement, judgment, decree, order, or other restraint. In performing services for the Company, I shall not disclose or use any trade secret, confidential, or proprietary information belonging to any third-party including my previous employers. I also agree to comply with any existing obligations that I may have to any third-party. I hereby agree to indemnify and hold the Company harmless from any and all expenses, losses or damages it may incur, including, but not limited to, all expenses of defense and attorneys' fees, caused by reason of my breach of covenants contained in this section.

8. **"At Will" Employment**: I acknowledge that my employment with the Company is "at will" and may be terminated by the Company or by me at any time for any or no reason.

9. **Arbitration**: Any controversy, claim, or dispute relating to my employment or the termination of my employment with the Company shall be resolved through the Company's Open Door Communications Policy, and if that procedure fails, then by final and binding arbitration



**ASSOCIATE AGREEMENT - US**
**HOURLY ASSOCIATES**

pursuant to the National Rules for the Resolution of Employment Disputes of the American Arbitration Association. All decisions of the arbitrator shall be final, conclusive and binding on the parties to this Agreement. This section applies, as permitted by law, to any claims under any statute or common law, including but not limited to, Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act, the Family and Medical Leave Act, and the Fair Labor Standards Act.

10. **Miscellaneous**: If any provision of this Agreement is found to be unenforceable, the remainder shall be enforced as fully as possible and the unenforceable provision shall be deemed modified to the limited extent required to permit its enforcement in a manner most closely representing the intention of the parties as expressed in this Agreement. This Agreement may be assigned or transferred by the Company. No waiver by any party of any breach shall be deemed to be a waiver of any other breach. This Agreement shall be governed by the laws of Tennessee, without regard to the choice of law provisions of any jurisdiction. I consent to the personal jurisdiction of any state or federal court located in Nashville, Tennessee in any proceeding arising out of or relating to this Agreement and waive any venue or inconvenient forum defense. The section headings in this Agreement are inserted for convenience only and are not intended to affect the interpretation of this Agreement.

I acknowledge, understand and agree to the terms in this Agreement.

Bria  Porter
Associate's Printed Name                                                       Date

Bria Porter 08/23/2018 09:54:20 PM GMT
Associate's Signature

Sitel Operating Corporation

By:        Hannah Escoto
           **Printed Name:**

           **Title:** Recruiter

*Please place signed original in Associate personnel file*
*Revised October 2016*